UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS L. D'AQUIN | CIVIL ACTION |
| VERSUS | NO. 15-2637 |
| LEON RODRIGUEZ, ET AL. | SECTION "N" (4) |

### ORDER & REASONS

Before the Court is the Motion to Dismiss (Rec. Doc. 18), filed by the defendants, United States Citizenship and Immigration Services ("USCIS") and Leon Rodriquez, in his capacity as Director of USCIS (together, "Federal Defendants"). The plaintiff, Thomas L. D'Aquin ("D'Aquin" or "Plaintiff") has filed a memorandum in opposition, and the Federal Defendants have filed a reply. (*See* Rec. Docs. 26 & 37). Now, having considered the submissions of the parties, the record, and the applicable law, the Court **GRANTS** the Motion for the reasons stated herein.

**I.     BACKGROUND**

Proceeding *pro se*, D'Aquin sues the Federal Defendants for violating unspecified provisions of the Civil Rights Act of 1964. Specifically, D'Aquin contends that:

> On June 15, 2015, Plaintiff and spouse presented Advance Parole application because of need of surgery needed for ankle repair. Unknown [] Employees of the USCIS New Orleans office denied application in nine minutes. Unknown

> Employees of New Orleans determined that denial was based on the fact [that] Plaintiff was white and his spouse did not need to leave the country.

(Rec. Doc. 1 at p. 1). Elsewhere in the Complaint, Plaintiff charges that the denial of his spouse's "Advance Parole application" constituted a discriminatory act based on "the race and ethnicity of his spouse." (Rec. Doc. 1 at p. 1).

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Federal Defendants now move for dismissal, arguing that: (1) D'Aquin lacks standing to sue, (2) the Federal Defendants are immune from suit, and (3) D'Aquin has failed to plead a facially plausible claim.

**II.    STANDARD OF REVIEW**

Rule 12(b)(1) provides for the dismissal of an action upon a finding by the court that it does not have subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Subsection (6) of the same rule provides for dismissal based on a party's failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions," including one brought under Rule 12(b)(6), "the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("Ordinarily, where both [Rule 12(b)(1) and 12(b)(6)] grounds for dismissal apply, the court should dismiss only on the jurisdictional ground . . . without reaching the question of failure to state a claim under Fed. R. Civ. P. 12(b)(6).")). This approach ensures that a court without jurisdiction is prevented "from prematurely dismissing a case with prejudice." *Ramming*, 281 F.3d at 161.

The court must grant a motion to dismiss for lack of subject matter jurisdiction when it does not have the requisite statutory or constitutional power to adjudicate the case. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir.1996)). As the party invoking the jurisdiction of the federal court, the plaintiff bears the burden of demonstrating that jurisdiction exists. *Dow v. Agrosciences, LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003).

### III. LAW AND ANALYSIS

#### 1. Standing

Ingrained in the case-or-controversy requirement of Article III is the "irreducible constitutional minimum of standing," which "consists of three elements: (1) an injury in fact, by which is meant an invasion of a legally protected interest; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision." *Fulton v. Goord*, 591 F.3d 37, 41 (2d Cir. 2009) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks omitted)). In addition to these three constitutional limitations, there exists prudential limitations on the exercise of federal-court jurisdiction, which "closely relate[ ] to Art. III concerns but [are] essentially matters of judicial self-governance." *Warth v. Seldin*, 422 U.S. 490, 500 (1975). One such limitation is that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.* at 499. In the context of a claim for deprivation of constitutional rights, the Fifth Circuit has held that plaintiffs "[are] required to prove some violation of their personal rights." *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986) (citing *Dohaish v. Tooley*, 670 F.2d 934 (10th Cir.) (right to bring action under Civil Rights Act is personal in nature and does not accrue to a relative), *cert. denied*, 459 U.S. 826 (1982)).

In the present case, D'Aquin alleges that USCIS employees discriminated against both him and his spouse when they denied her advanced parole application. To the extent that his civil rights claim is based on discrimination against his spouse, D'Aquin lacks standing to bring suit on her behalf. To the extent the claim is based on the deprivation of his own rights, however, D'Aquin indeed has standing to press his suit.

### 2. *Sovereign Immunity*

Similar to standing, invocation of the sovereign immunity defense is a challenge to the court's jurisdiction. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "A party may not bring suit against the United States absent an explicit waiver of sovereign immunity by Congress. This immunity extends to the government's officers and agencies." *Drake v. Panama Canal Com'n*, 907 F.2d 532, 534 (5th Cir. 1990) (internal citations omitted).

Here, the Federal Defendants consist of the United States Citizenship and Immigration Services and its Director, Leon Rodriquez. As a federal agency and officer, the Federal Defendants are protected by principles of sovereign immunity. As the party invoking the jurisdiction of this Court, the burden rests on D'Aquin to identify a waiver of the Federal Defendants' immunity. Because he has failed to carry this burden, the Court must dismiss the case for jurisdictional deficiencies.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Federal Defendant's Rule 12(b)(1) Motion to Dismiss (Rec. Doc. 18) is **GRANTED**, and the Complaint is hereby **DISMISSED WITHOUT PREJUDICE**. This ruling considered, the Court declines to address grounds for dismissal under Federal Rule of Civil Procedure 12(b)(6).

New Orleans, Louisiana, this 3rd day of November 2016.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　**KURT D. ENGELHARDT**
　　　　　　　　　　　　　　　　**United States District Judge**